# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SEGURA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT. MALDONADO, *et al.*,<br><br>　　　　Defendants. | Case No.  1:23-cv-0780 BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Omar Segura ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, and he was granted leave to amend.  Plaintiff's first amended complaint is currently before the Court for screening.  (ECF No. 7.)

**I.     Screening Requirement and Standard**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California State Prison at Corcoran, California. Plaintiff alleges the events in the complaint occurred at North Kern State Prison in Delano, Cal. Plaintiff names as defendants: (1) Officer Cohello and (2) Officer John Doe 1.

In claim 1, Plaintiff alleges violation of the Eighth Amendment for excessive force. On October 13, 2022, at about 2030 hours, Plaintiff was escorted from Facility B to Facility D. Plaintiff was told to occupy cell 238. Plaintiff noticed that the cell outlets were severely damaged by burns, and a staple was lodged inside one of the outlets. Plaintiff could not plug in his medical device, C-pap breathing machine which Plaintiff relies on to sleep. Plaintiff did not want to short circuit his medical device or shock himself.

Throughout October 13, 2022, Plaintiff was locked in a holding cage without his needed medication or water for several hours with lack of air flow. Plaintiff began knocking on the door to get the attention of inmates or staff. Two officers finally came, Defendant Cohello and Defendant John Doe 1. They yanked him out of the cell and roughly walked Plaintiff down the steps and out of the building into an empty area where there were no witnesses to see or hear

1  Plaintiff. Once outside, Plaintiff was severely attacked by Defendant Cohello who hit plaintiff in
2  the head and Defendant John Doe 1 and Cohello beat Plaintiff in his ribs and back area as well as
3  verbally and mentally abusing Plaintiff with threats of rape. Cohello asked if "do you take it in
4  the ass?" "are you ready to." There were other officers standing around watching who failed to
5  intervene. Plaintiff never did anything or said anything to jeopardize staff's safety.

6  These events triggered Plaintiff to suffer a mental break down later than night. Plaintiff
7  was set up to be attacked by a "pitting" type of inmate, referring to Exhibit A and B. A false
8  RVR was filed and declined by the D.A.'s office.

9  Plaintiff seeks an injunction, compensatory, and punitive damages.

## III.   Discussion

### A. Eighth Amendment

#### 1. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

1   *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,]
2   the need for application of force, the relationship between that need and the amount of force used,
3   the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the
4   severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ).
5   Finally, because the use of force relates to the prison's legitimate penological interest in
6   maintaining security and order, the court must be deferential to the conduct of prison officials.
7   *See Whitley*, 475 U.S. at 321–22.

8       Liberally construing the allegations, Plaintiff states a cognizable claim against Defendants
9   Cohello and John Doe 1 for taking Plaintiff outside the building and attacking Plaintiff.  Plaintiff
10  does not state a cognizable claim against Defendants Cohello and John Doe 1 for "yanking" him
11  out of the holding cell and roughly walking him.  These actions involve de minimis force.

12      2.   **<u>Failure to Protect</u>**

13      The Eighth Amendment requires that prison officials take reasonable measures to
14  guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison
15  officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833;
16  *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040
17  (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629
18  F.2d 637, 642 & n.3 (9th Cir. 1980).

19      The failure of prison officials to protect inmates from attacks by other inmates or from
20  dangerous conditions at the prison violates the Eighth Amendment when two requirements are
21  met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
22  subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison
23  official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health
24  or safety by failing to take reasonable steps to abate it. *Id.* at 837.

25      A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials
26  only where the officials acted with "deliberate indifference" to the threat of serious harm or injury
27  to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also
28  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor

that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

Plaintiff alleges that "other officers standing around" while he was attacked. Plaintiff does not state a cognizable claim because he does not name these officers as defendants or state allegations as to them.

### 2. **Sexual Harassment**

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the lat[t]er to be in violation of the constitution." *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted). Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding

1  dismissal of claim premised on allegations that correctional officer unzipped his pants and
2  exposed his penis to an inmate from inside control booth); *accord Somers v. Thurman*, 109 F.3d
3  at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and
4  unusual punishment would trivialize the objective component of the Eighth Amendment test and
5  render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross
6  even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage."
7  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998);
8  *Patrick v. Hernandez*, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable
9  claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose
10 himself.); *Bearchild*, 947 F.3d at 1144 ("[T]here are occasions when legitimate penological
11 objectives within a prison setting require invasive searches."); *see Reed v. Racklin*, No. 17-cv-
12 0799-WBS-AC, 2019 WL 4745266, at *1, 4-5 (E.D. Cal. Sept. 30, 2019), report and
13 recommendation adopted, No. 17-cv-0799-WBS-AC, 2019 WL 5566441 (E.D. Cal. Oct. 29,
14 2019) ("Unfortunately for plaintiff, the law is clear: verbal harassment, even if sexual in nature,
15 does not without more violate the Constitution.") (collecting cases).
16     Under these authorities, Plaintiff fails to allege a cognizable claim.  Verbal harassment is
17 not cognizable.  Plaintiff has been unable to cure this deficiency.
18         3. **Conditions of Confinement**
19     Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter,* 501
20 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349), "inmates are entitled to
21 reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a
22 lengthy course of time." *Howard v. Adkison,* 887 F.2d 134, 137 (9th Cir. 1989). Some conditions
23 of confinement may establish an Eighth Amendment violation "in combination" when each alone
24 would not suffice, but only when they have a combined effect that produces the deprivation of a
25 single, identifiable human need such as food, warmth, or exercise—for example, a low cell
26 temperature at night combined with a failure to issue blankets.  *Wilson,* 501 U.S. at 304–05
27 (comparing *Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when
28 prisoners are confined in small cells almost 24 hours per day), with *Clay v. Miller,* 626 F.2d 345,

347 (4th Cir. 1980) (outdoor exercise not required when prisoners had access to dayroom 18 hours per day)). Temporary unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson v. Cty. of Kern,* 45 F.3d 1310, 1315 (9th Cir.), *opinion amended on denial of reh'g,* 75 F.3d 448 (9th Cir. 1995), *abrogated on other grounds by Sandin,* 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).

Plaintiff fails to state a conditions of confinement claim. Plaintiff alleges that he was placed in a cage for "several" hours, without water, medical, or much air flow. Plaintiff also alleges he was not able to plug in his C-pap machine. Plaintiff has not alleged an insufficiently serious condition violative of the Eighth Amendment by these temporary conditions. *Anderson,* 45 F.3d at 1315 (no constitutional violation for placement in safety cages where the sanitary limitations imposed upon them were more than temporary and where inmate was in danger of self-harm). Further, Plaintiff fails to link any Defendant to his placement in the cage or to the conditions in his cell.

**B. False Reports**

To the extent Plaintiff alleges that Defendants falsified reports against Plaintiff, he cannot state a claim.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto,* No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Here, Plaintiff alleges the D.A. declined to prosecute Plaintiff. *See Theodoropoulos v. Cty. of Los Angeles*, Case No. 2:19-cv-00417-JGB-KES, 2020 WL 5239859, at *4 (C.D. Cal. Jul. 17, 2020) ("[F]abrication of evidence is not a constitutional violation unless the fabricated evidence played a material role in the plaintiff's prosecution.").

### C. Unknown Defendants

The use of John Does in pleading practice is generally disfavored – but is not prohibited. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). However, Plaintiff is hereby advised that the Court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given the " 'opportunity through discovery to identify the unknown (Doe) defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629 F.2d at 642). Once the identify of a Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. However, the court will recommend that any Doe defendant Plaintiff fails to identify during the course of discovery be dismissed from this action.

### D. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief against officials, any such request is now moot because Plaintiff is no longer housed at that facility. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV. Conclusion and Order

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Defendant Correctional Officers Cohello and John Doe 1 for excessive force in violation of the Eighth Amendment. However, Plaintiff's first amended complaint fails to state any other

cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed August 14, 2023 (ECF No. 7), against Defendant Correctional Officers Cohello and John Doe 1 for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 30, 2023__        /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE